```
           FILED      ENTERED
           LODGED     RECEIVED

           APR - 6 2007
              AT SEATTLE
         CLERK U.S. DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
    BY                        DEPUTY
```

07-CR-00033-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR-07-0033-JLR |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| SUNG HONG, ) a/k/a LAWRENCE HONG, ) | |
| Defendant. ) | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Mark Parrent, Assistant United States Attorney for said District, Defendant, Sung Hong, and his attorney, John W. Wolfe, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.  <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment.

    a.  Wire fraud, as charged in Count One, in violation of Title 18, United States Code, Section 1343.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. <u>Elements of the Offense</u>. The elements of the offense of wire fraud, as charged in Count One, in violation of Title 18, United States Code, Section 1343, are as follows:

First, the defendant made up a scheme or plan for obtaining money or property by making false statements or promises,

Second, the defendant knew the promises or statements were false,

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property,

Fourth, the defendant acted with the intent to defraud, and

Fifth, the defendant used, or caused to be used the interstate wires to carry out or attempt to carry out an essential part of the scheme.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of wire fraud, as charged in Count One, are as follows: Imprisonment for up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a $100 special assessment.

If Defendant receives a sentence of probation, the probationary period could be up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Parties' Sentencing Guidelines Calculations</u>

The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of seven, pursuant to USSG § 2B1.1(a)(1).

    b. A 14-point increase in the offense level because the loss was more than $400,000 pursuant to USSG § 2B1.1(b)(1)(H).

The parties agree that no further enhancements or reductions apply to the offense level except for possible credit for acceptance of responsibility as described in paragraph

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

11 below. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining his Sentencing Guidelines range. The government agrees to recommend a sentence that is within the Sentencing Guidelines range determined by the Court. Defendant may argue for a sentence below the Sentencing Guidelines range determined by the Court.

7. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. <u>Restitution</u>. Defendant shall make restitution in the amount of $925,834, which represents a loss of $655,834 to the victim in this case whose initials are WS as well as $215,000, which represents the remaining principal amount due in a settlement in a civil case with persons whose initials are YWK, HJK, and SWH. Defendant agrees that the settlement amount of $270,000, while not counted as a loss in the case leading to this plea agreement, nonetheless is appropriately included in an order of restitution pursuant to 18 U.S.C. § 3663(a)(3), which provides that "[t]he court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

9. <u>Statement of Facts</u>. The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

Beginning in approximately August, 2005, Defendant represented to person whose initials are WS that the defendant was an experienced investor, that he had made a significant amount of money in Korea, that his father-in-law was the finance minister of South Korea, and that he had access to secret information regarding the trading strategies of large international investors.

Defendant suggested that WS provide money for Defendant to invest and promised that he would match WS's investments dollar for dollar with the profits being split equally between Defendant and WS. WS initially transferred $50,000 to Defendant on or about August 8, 2005 for investment pursuant Defendant's promises. WS subsequently

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

transferred additional funds to Defendant for investment later in 2005, with Defendant promising to invest $1 million of his own funds.

Defendant did not invest his own personal funds as promised nor did he invest all of the money provided by WS. Instead, Defendant spent a substantial portion of the money provided by WS on personal living expenses. Defendant did not disclose to WS that he was spending a substantial portion of WS's funds on personal living expenses. Defendant's use of the funds for his own expenses included $25,000 that he caused to be transferred by interstate wire on or about September 12, 2005.

When WS asked for the return of some of his money in about October, 2005, Defendant told WS that his money was actually tied up with an international crime syndicate known as "The Clan," and that it was impossible to have the money returned. Defendant told WS that if Defendant returned any money to WS, "The Clan" would kill both Defendant and WS. Defendant also told WS that their families, including WS's daughter, were in danger. Defendant told WS that WS had to provide an additional $500,000 within five days in order to prevent violence by "The Clan." WS then sent by wire transfer an additional $500,000 to Defendant on or about October 10, 2005. The wire transfer, which WS initiated in Washington state, was processed through a banking facility in New Jersey.

Defendant used some of the $500,000 to purchase securities sold on national markets and used part of the funds for personal expenses.

10. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss the remaining count in the Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing
2  the Presentence Report, the United States Attorney's Office will provide the United States
3  Probation Office with evidence of all conduct committed by Defendant.
4        Defendant agrees that any charges to be dismissed before or at the time of
5  sentencing were substantially justified in light of the evidence available to the United
6  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
7  with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119
8  (1997).
9        11.   <u>Acceptance of Responsibility.</u> The United States acknowledges that if
10 Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG
11 § 3E1.1(a), and if the offense level is 16 or greater, his total offense level should be
12 decreased by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has
13 assisted the United States by timely notifying the authorities of his intention to plead
14 guilty, thereby permitting the United States to avoid preparing for trial and permitting the
15 Court to allocate its resources efficiently.
16       12.   <u>Breach, Waiver, and Post-Plea Conduct.</u> Defendant agrees that if he
17 breaches this Plea Agreement, the United States may withdraw from this Plea Agreement
18 and Defendant may be prosecuted for all offenses for which the United States has
19 evidence. Defendant agrees not to oppose any steps taken by the United States to nullify
20 this Plea Agreement, including the filing of a motion to withdraw from the Plea
21 Agreement. Defendant also agrees that if he is in breach of this Plea Agreement,
22 Defendant has waived any objection to the reinstitution of any charges in the Indictment
23 that were previously dismissed or any additional charges that had not been prosecuted.
24       Defendant further understands that if, after the date of this Agreement, he should
25 engage in illegal conduct, or conduct that is in violation of his conditions of release or
26 confinement (examples of which include, but are not limited to: obstruction of justice,
27 failure to appear for a court proceeding, criminal conduct while pending sentencing, and
28 false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

13. <u>Waiver of Appeal</u>  As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

14. <u>Voluntariness of Plea</u>.  Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter [this plea/these pleas] of guilty.

15. <u>Statute of Limitations</u>.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea



PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

16. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of April, 2007.

_____
SUNG HONG
Defendant

_____
JOHN W. WOLFE
Attorney for Defendant

_____
MARK PARRENT
Assistant United States Attorney

PLEA AGREEMENT
(Hong, Case No. CR-07-0033-JLR) - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970