Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-07-0033-JLR |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| SUNG HONG, | |
| Defendant. | January 14, 2008<br>1:30 p.m. |

**Introduction and summary**

The government joins the probation officer in recommending that the Court sentence the defendant to 33 months in prison, which represents the high end of the applicable advisory Sentencing Guidelines range. The defendant deceived his neighbor into "investing" approximately $800,000 with him. Instead of using the invested funds as promised, however, the defendant used much of the money for his own personal expenses including a gambling binge and expenses associated with a comfortable lifestyle. This depressingly familiar factual scenario would be bad enough, but the defendant in this case took it a big step further: When the defendant could not come up with his victim's funds as he had promised, he fabricated a tale in which a violent organization he called the Clan was contemplating physical violence against the defendant, his victim, and the victim's family. The defendant used this ruse to extract even more money from his victim. The defendant richly deserves a high-end sentence.//

GOV'T SENTENCING MEMO./
(U.S. v. Hong, Case No. CR-07-0033-JLR) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**The plea agreement and Sentencing Guidelines calculations**

The defendant pleaded guilty to one count of wire fraud pursuant to a plea agreement under Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure. The government has agreed to move to dismiss the indictment's remaining count that charges extortion. The parties agree that the base offense level should be seven with an increase of 14 levels because of a loss of more than $400,000 but less than $1 million. *See* Plea Agreement at 4, ¶ 6; U.S.S.G. §§ 2B1.1(a)(1), 2B1.1(b)(1)(H). The probation officer agrees that these calculations are correct. *See* PSR at 8. With credit for acceptance of responsibility, and the defendant's lack of criminal history, the advisory Sentencing Guidelines range is 27 to 33 months. *See* PSR at 12, ¶ 67. The government has agreed to recommend a sentence that is within the advisory Guidelines range as determined by the Court. The defendant is free to argue for a sentence that is below that range. *See* Plea Agreement at 5, ¶ 6.

The defendant has agreed to make restitution in the total amount of $925,834. This figure includes $655,834 for the victim in this case (which takes into account funds already recovered by that victim in a civil action) as well as $270,000 for persons with whom the defendant settled a civil case that alleged fraud. That civil case, which is not relevant conduct in this case, nonetheless is appropriately included in a restitution order based on the parties' agreement. *See* 18 U.S.C. § 3663(a)(3).

The government has no objections to the factual recitations or Sentencing Guidelines calculations in the Presentence Report.

**Application of 18 U.S.C. § 3553 and
the government's sentencing recommendation**

The Sentencing Guidelines "should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). This Court, without presuming that the Guidelines range is reasonable, must then consider all of the factors in 18 U.S.C. § 3553(a) and "must make an individualized assessment based on the facts presented." *Id*. at 597. "[E]ven though the Guidelines are advisory rather than mandatory, they are, as we pointed

GOV'T SENTENCING MEMO./
(U.S. v. Hong, Case No. CR-07-0033-JLR) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Id.* at 594.

Considering the specific factors of 18 U.S.C. § 3553, in the government's view the most important factors in this case are the need for the sentence to 1) "reflect the seriousness of the offense," 2) to "promote respect for the law," and 3) "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B).

As explained in detail in the Presentence Report, this scam was not just an ordinary fraud. The defendant escalated its seriousness not just by stealing virtually all of the victim's money, but by also falsely telling the defendant that his safety and the safety of his family were in jeopardy because of the involvement of a shadowy criminal organization known as the Clan. The defendant used this phony threat to extract even more money from the defendant.

A firm sentence is needed not just to reflect the seriousness of the conduct, but also to impress upon the defendant the fate that awaits him if he engages in further criminal activity when he is released from prison. As detailed in the PSR, the defendant's legitimate work history is sketchy at best, although he developed a taste for a very comfortable lifestyle. As the Court knows, this is a formula for additional criminal activity. A firm sentence now would help the defendant resist such future temptations.

The defendant took unconscionable financial advantage of his neighbor and compounded his crime by concocting a story designed to frighten the victim into parting with even more money. Part of accepting responsibility for this crime is accepting a reasonable punishment. The government respectfully recommends a sentence of 33 months in prison.

The victim in this case has informed the government that he will respectfully request permission to briefly address the Court at the sentencing hearing. The government supports the victim's request pursuant to 18 U.S.C. § 3771(a)(4), which provides the victim the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing." The victim, W.S., also has informed the government that his

GOV'T SENTENCING MEMO./
(U.S. v. Hong, Case No. CR-07-0033-JLR) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  daughter and a gentleman affiliated with the civil case that is the subject of part of the
2  proposed restitution order in this case also would like to briefly address the Court.
3
4                                  Respectfully submitted,
5                                  JEFFREY C. SULLIVAN
                                   United States Attorney
6
7
8                                  /s/ Mark Parrent
                                   MARK PARRENT
9                                  Assistant United States Attorney
                                   United States Attorney's Office
10                                 700 Stewart Street, Suite 5220
                                   Seattle, Washington  98101
11                                 Telephone:  (206) 553-4113
                                   Facsimile:   (206) 553-2502
12                                 E-mail:  Mark.Parrent2@usdoj.gov
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOV'T SENTENCING MEMO./
(U.S. v. Hong, Case No. CR-07-0033-JLR) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

/s/Kimberly King
KIMBERLY KING
Legal Assistant
United States Attorney's Office
700 Stewart Street, Ste. 5220
Seattle, Washington 98101
Phone: (206) 553-5127
Fax:    (206) 553-2502
E-mail: Kimberly.King3@usdoj.gov

GOV'T SENTENCING MEMO./
(U.S. v. Hong, Case No. CR-07-0033-JLR) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970